**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

DALE CRISTEE                                                                                    PLAINTIFF
ADC #70265

V.                                          NO: 2:07CV00045 JLH/HDY

LARRY NORRIS *et al.*                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.
2.    Why the evidence proffered at the hearing before the District
      Judge (if such a  hearing is granted)  was not  offered at  the
      hearing before the Magistrate Judge.

1

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Delta Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on April 6, 2007, alleging his constitutional rights were violated because he was required to complete the Therapeutic Community ("T.C.") Program before he could be released on parole.  Now pending is a motion for summary judgment filed by Defendants Larry Norris, Ray Hobbs, and Greg Harmon (docket entry #40), along with a brief in support (docket entry #41), and a statement of facts (docket entry #42). On February 11, 2008, Plaintiff filed a response (docket entry #48).[1]

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1]Other than Norris, Hobbs, and Harmon, Plaintiff has named as Defendants certain Does, who are identified only as members of the Arkansas Parole Board, and Arkansas Board of Correction.  Plaintiff has not identified those individuals by name, and they remain unserved.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he has been granted parole, but is required to complete the T.C. program before he will be released. Plaintiff asserts that the T.C. program is a faith-based program, and that the stipulation put on his parole is therefore a violation of the First Amendment's establishment clause, and of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff further asserts that the T.C. program is unconstitutional because it is not voluntary, and because it utilizes "inmate peers."

*A.  Motion for summary judgment filed by Norris, Hobbs, and Harmon*

In their motion, Defendants Norris, Hobbs, and Harmon, contend that Plaintiff failed to exhaust his administrative remedies with respect to any of them, that Plaintiff has presented no viable claim or evidence of their involvement in the imposition of the parole stipulation, and that they are entitled to sovereign and qualified immunity. Because Plaintiff has failed to exhaust his administrative remedies with respect to Norris, Hobbs and Harmon, and because the grievances he

has exhausted do not make allegations sufficient, even if proven, to establish a constitutional violation by any Defendant, the motion for summary judgment filed by Norris, Hobbs, and Harmon, should be granted and the claims against the remaining defendants should be dismissed.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003). Norris, Hobbs, and Harmon, note that Plaintiff has filed three grievances regarding the T.C. program: EA-05-692 (docket entry #42, exhibit H), EA-06-83 (docket entry #42, exhibit J), and EA-06-402 (docket entry #42, exhibit L). None of the grievances reference Norris, Hobbs or Harmon.[2] In his response, Plaintiff has failed to identify any grievance he has exhausted which references Norris, Hobbs and Harmon, or raises any claim for which Norris, Hobbs or Harmon would be responsible. (See discussion concerning actual grievances Plaintiff exhausted, *infra.*)[3] Significantly, none of Plaintiff's grievances mention the First Amendment issue concerning the allegation that T.C. is a faith-based program,[4] and the allegations the exhausted grievances contain

_____

[2]The ADC's grievance forms require that inmate's statement to be specific as to, among other things, the "personnel involved."

[3]Even if Plaintiff had named Norris, Hobbs, or Harmon, in a grievance that he exhausted, they would still be entitled to summary judgment, because the allegations set forth in the grievances which were exhausted do not state a claim for relief.

[4]Had Plaintiff exhausted a grievance asserting the T.C. program was a violation of the First Amendment's Establishment Clause, that would have been a viable claim. *See Lee v. Weisman*, 505 U.S. 577, 587, 591-92, (1992) (Establishment Clause prohibits government from coercing anyone to participate in religion or its exercise); *Warner v. Orange County Dep't of Prob.*, 115 F.3d 1068, 1075-76 (2d Cir.1996) (county government agency violated Establishment Clause by conditioning

do not articulate an actionable claim.  Accordingly, no material facts remain in dispute, and Norris, Hobbs, and Harmon, are entitled to summary judgment on the basis of Plaintiff's failure to exhaust his administrative remedies with respect to them, as well as his failure to state a claim for relief in any grievance he has exhausted.

B.  *Other Defendants*

Other than Norris, Hobbs, and Harmon, Plaintiff has named as Defendants certain Does, who are members of the Arkansas Board of Correction, and Arkansas Parole Board.  However, given the nature of the only three T.C.-related grievances Plaintiff has exhausted, it is apparent that his complaints against them must be dismissed as well.[5]

Plaintiff's first grievance regarding the T.C. program, EA-05-692, was filed on November 9, 2005, alleging that the T.C. program was unconstitutional because it allowed inmate counselors to have certain authority over inmates in the program (docket entry #42, exhibit H).  In support of his argument Plaintiff cited *Holt v. Sarver*, 309 F.Supp. 362 (E.D. Ark. 1970).  *Holt*, however, is inapposite.  In the *Holt* case, inmate trusties were in control of virtually every aspect of other inmates' lives, to the extent that the trusties essentially ran the prison, with only a small contingent

_____

plaintiff's criminal probation on his participation in AA; noting considerations would have been different had plaintiff been offered reasonable choice of therapy providers so that he was not compelled by state's judicial power to enter religious program); *Kerr v. Farrey*, 95 F.3d 472, 479-80 (7th Cir.1996) (prison violated Establishment Clause by requiring attendance at Narcotics Anonymous meetings, which used "God" in its treatment approach, where refusal to attend could negatively impact inmate's security-risk rating and consideration for parole); *Griffin v. Coughlin*, 88 N.Y. 674 (1996) (conditioning desirable privilege-family visitation-on prisoner's participation in religious program that incorporated AA doctrine, without alternative, was violation of Establishment Clause), *cert. denied*, 519 U.S. 1054 (1997).

[5]Although exhaustion is an affirmative defense, there is no reason to await an answer from the unserved John and Jane Doe Defendants because the recommendation that the claims against them be dismissed is based upon a failure to state a claim and not exhaustion.

of civilian employees.  The Court does not believe the limited use of an inmate "peer program" described by Plaintiff is comparable, or a constitutional violation in and of itself.  While the Court could envision the possibility that such a program could be conducted in an unconstitutional manner, Plaintiff makes insufficient allegations in this case, if proven, to establish such a claim.  Indeed, it appears that Plaintiff has never even participated in the T.C. program, and has therefore not stated a constitutional violation with respect to the inmate peers.

The second grievance filed by Plaintiff regarding the T.C. program, EA-06-83, dated January 28, 2006, asserts that the program falsely claims to be voluntary (docket entry #42, exhibit J). Plaintiff's grievance mentions nothing about a constitutional violation, but rather complains that unnamed state and federal agencies are being misled, when they provide funding for such programs, believing them to be voluntary.[6]  However, Plaintiff is not entitled to parole, and any stipulation required by the parole board is left to their discretion.  *See Pierson v. Grant*, 527 F.2d 161, 164 (8th Cir.1975) (parole is an act of grace, and parole boards have wide discretion in imposition of conditions of parole).  Moreover, even if governmental agencies are being misled, it is of no constitutional import for this case, because Plaintiff is not the one being harmed by the deception.

The final grievance Plaintiff filed relating to the T.C. program was number EA-06-402, and was dated May 25, 2006 (docket entry #42, exhibit L).  That grievance alleged that the parole board members could not make an appropriate decision regarding an inmate's need for a mental health or rehabilitation program based on a five-minute conversation.  However, as discussed above, it is within the province of the parole board members to place stipulations upon parole which they deem are appropriate.

---

[6]Plaintiff's complaint alleges that the program's mandatory nature is a violation of the constitution's commerce clause.  However, Plaintiff has not cited any rule, or explained how the program violates the commerce clause.

Thus, it is clear that Plaintiff not only failed to exhaust his administrative remedies with respect to Norris, Hobbs and Harmon, but also failed to set forth any constitutional claim in the grievances which he did exhaust.   Therefore, his entire complaint should be dismissed with prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT the motion for summary judgment filed by Norris, Hobbs, and Harmon, (docket entry #40) be GRANTED, and, based upon his failure to state a claim with regard to the remaining Defendants, his entire complaint be DISMISSED WITH PREJUDICE.

DATED this ___19___ day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE