**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

DALE CRISTEE PLAINTIFF
ADC #70265

V. NO: 2:07CV00045 JLH/HDY

LARRY NORRIS *et al.* DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:
Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, a former Arkansas Department of Correction ("ADC") inmate, filed this complaint, pursuant to 42 U.S.C. § 1983, on April 6, 2007. Plaintiff has named as Defendants Arkansas Parole Board members John Belkin, Richard Mays, Jr., Lynn Story, John Felts, and Carolyn Robinson; and Arkansas Board of Correction members Benny Magness, Ken Jones, Kelly Pace, Mary Parker, Alonzo Jiles, Drew Baker, and Leroy Brownlee. On January 12, 2011, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #128-#130). Plaintiff filed a response on February 1, 2011 (docket entry #133). Defendants replied to that response on February 3, 2011 (docket entry #134).

**I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

**II. Analysis**

According to the Plaintiff, he was incarcerated in 2005, and was approved for parole, but a condition of the approval was that he complete the Therapeutic Community ("TC") program prior to his release. Plaintiff asserts that the TC program is faith based, in that it requires participants to express a belief in a "higher power." Plaintiff claims this violates his rights under the First Amendment and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Plaintiff has named two groups of Defendants, the members of the parole board and the members of the board of correction. Defendants assert that the members of the parole board are entitled to absolute immunity, and Plaintiff's claims against them should therefore be dismissed. Plaintiff has conceded that the parole board members are entitled to immunity and summary judgment is appropriate as to them. Accordingly, Plaintiff's claims against the parole board members should be dismissed.

Defendants also contend that Plaintiff's claims against the board of correction members should be dismissed. According to Defendants, Plaintiff is attempting to impose liability upon them through an improper *respondeat superior* theory, based on parole matters over which they have no control. Defendants specifically contend that the board of correction Defendants had no

involvement with Plaintiff's parole hearing. Defendants also claim that the TC program is secular, and not a faith-based program, and that they are entitled to sovereign and qualified immunity. Because the TC program is not a religious program, Defendants' motion for summary judgment should be granted.

According to Plaintiff's complaint, the TC program violates his First Amendment and RLUIPA rights because it is a faith based program. In his complaint, and his response to Defendants' motion, Plaintiff makes clear that he is alleging the TC program condition for parole violated the First Amendment's establishment clause. Conditioning benefits on participating in religious activity could be a constitutional violation. Although Plaintiff alleges an unconstitutional establishment of religion, the evidence introduced demonstrates no such violation. Plaintiff initially testified at his deposition that he understood the program to require belief in a "higher power" (docket entry #128, exhibit G, page #4). Later, Plaintiff testified that he believes in a higher power, but that his higher power is Jesus, and he had a problem with the fact that others could have a different higher power, which was allowed under program rules (docket entry #128, exhibit G, page #7). The program's handbook itself indicates that all religious beliefs will be respected (docket entry #128, exhibit A, page #4). Plaintiff has cited noting in the program handbook to support his claim that belief in a higher power is actually required, or that any specific beliefs are required. Government action does not violate the establishment clause if it has a secular purpose, neither advances nor inhibits religion, and does not result in excessive entanglement with religion. *See Murphy v. Missouri Dept. Of Corrections*, 372 F.3d 979, 985 (8th Cir. 2004), citing *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971). The evidence indicates that the TC program has a goal of assisting participants to leave prison as drug and crime free members of society, is specifically designed to avoid entanglement with religion, and mandates use of the term higher power as a generic reference for inmates who believe in a power separate from themselves, and wish to refer

to it during education sessions. *Munson v. Norris*, 435 F.3d 877, 880 (8th Cir. 2006), cited by Plaintiff, is distinguishable. In *Munson*, the prisoner was participating in a program which required him to recite a prayer which repeatedly mentioned God. There is no evidence of such a requirement with the TC program.[1]

The only evidence Plaintiff has offered to support his claim that the program actually requires belief in a higher power is his own testimony that he learned of the program's requirement from unnamed inmates (docket entry #128, exhibit G, page #4). Plaintiff conceded that he had not spoken with any ADC official about the TC program, and he admitted that he had not reviewed any written material regarding the program (docket entry #128, exhibit G, page #5). Documentary evidence submitted by Plaintiff does not provide any support for his claim that belief in a higher power is required. The grievance decision attached to Plaintiff's response indicates that inmates are "allowed" to use the term higher power so as not to promote one religion in group sessions (docket entry #133, exhibit A). The exhibit further indicates that it is not the position of the TC program itself to give preference to one positive life approach over another. Plaintiff has also provided another exhibit consisting of a complaint filed by another inmate alleging that he was not allowed to use the word God or Jesus Christ during program hours, but making no allegation that he was forced to endorse any particular religious viewpoint (docket entry #133, exhibit B). Plaintiff cites no evidence to suggest that the TC program imposed any religious beliefs on participants. Thus, the evidence introduced demonstrates that the TC program is not an unconstitutional establishment of

---

[1]Plaintiff also references the undersigned's previous recommendation (docket entry #81) which cites *Munson* for the proposition that conditioning benefits on participation in a program incorporating religious activity could be a constitutional violation, and that Defendants would not be entitled to qualified immunity because the United States Court of Appeals for the Eighth Circuit had previously suggested as much. That recommendation, however, was to deny a motion to dismiss. At issue now is a motion for summary judgment, where there is no evidence the TC program is similar to the program at issue in *Munson*.

religion.[2]

Plaintiff's complaint could be construed as raising a free-exercise claim that the TC program restricts the practice of his religion by limiting religious references to general terms. However, the program handbook specifically allows participation in religious activities (docket entry #128, exhibit A, page #9). Even if the program impinges to some degree on Plaintiff's constitutionally protected religious rights, it is reasonably related to legitimate penological interests, and is therefore not a constitutional violation. *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

Plaintiff raised other complaints about the program, such as the use of inmate peers, and his belief that the program is not truly voluntary, but has offered no evidence to suggest any constitutional violation with respect to such concerns. No material facts are in dispute, and Defendants are entitled to summary judgment.

**III. Conclusion**

IT IS THEREFORE RECOMMENDED THAT Defendants' motion for summary judgment (docket entry #128) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

DATED this 22 day of March, 2011.

UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff also initially claimed RLUIPA violations. RLUIPA provides in part: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). The TC program requirement that participants refer to a "higher power" during program sessions, rather than a specific deity or belief system is not a substantial burden on Plaintiff's religious activities.